Lyons, J.
The defendant in this matter, The Piano Man, Inc. (“Piano Man”), filed this appeal pursuant to Dist/Mun. Cts. R. A. D. A., Rule 8C. Piano Man appeals the trial judge’s finding for the plaintiff, Entercom Communications, L.L.C. (“Entercom”), on both Entercom’s complaint and Piano Man’s counterclaims. The judge awarded damages to Entercom of $10,749.00. The issue on appeal is whether the trial judge *232 erred in finding for Entercom on both the complaint and the counterclaim.
Entercom sought money damages that it claimed were due and owing by Piano Man for radio advertising on WRKO-AM, which Entercom owns and operates. On July 19, 2001, Robert Lupo, president of Piano Man, executed a standard written Entercom Credit Application as part of the order for the advertising and submitted the application to Entercom. Under the terms of the Credit Application, Piano Man agreed to pay each invoice for the radio advertising within 30 days from the date of such invoice. Entercom ran the advertising on WRKO-AM from July 30, 2001 to September 3, 2001. On or about August 28, 2002, Entercom filed its complaint against Piano Man. Piano Man answered the complaint and filed a counterclaim on October 8,2002.
In the joint pre-trial memorandum prepared by the parties and submitted to the court, Piano Man did not dispute that it had ordered radio broadcast advertising in the total amount of $16,249.00, that it had paid $5,500.00 of the total and that $10,749.00 had not been paid. Piano Man’s principal contention at trial was that Lupo had been induced to order the advertising by promises of increased sales and exclusivity of advertising on WRKO-AM. Lupo testified that his understanding was that Piano Man would have an exclusive relationship with WRKO-AM and would be the only store of its kind to have advertisements on WRKO-AM.
The Credit Application executed by Lupo, however, made no mention of any exclusivity in the relationship between Entercom and Piano Man. Moreover, Brian Boynton, controller for Entercom’s radio group in Boston, testified that such an arrangement might jeopardize WRKO-AM’s broadcast license with the Federal Communications Commission.
The general rule is that contracting parties are held to the express terms of their contract. TAL Financial Corp. v. CSC Consulting, Inc., 446 Mass. 422, 430 (2006). The only written contract in this case is the Credit Application that Mr. Lupo voluntarily signed in his capacity as president of Piano Man. Because the Credit Application contained no provision regarding exclusivity between Piano Man and WRKO-AM, Piano Man cannot rely on prior negotiations between the parties to vary or add to the written agreement. See Winchester Gables, Inc. v. Host Marriott Corp., 70 Mass App. Ct. 585, 591 (2007). Thus, Lupo’s testimony regarding the exclusivity between Entercom and Piano Man is insufficient to outweigh the proposition that contracts are to be enforced according to their terms.
Because of the absence of evidence of exclusivity between Entercom and Piano Man, we affirm the trial judge’s finding for Entercom on both its claims and Piano Man’s counterclaims and dismiss Piano Man’s appeal.